# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **KELBREY PORTER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) CASE NO. |
| | ) |
| **CITY OF MONTGOMERY, and** | ) |
| **STEVEN REED, in his individual** | ) **JURY TRIAL DEMANDED** |
| **capacity,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

COMES NOW Plaintiff Kelbrey Porter ("Plaintiff" or "Porter"), by and through her undersigned counsel, and brings this action for legal and equitable relief to address unlawful employment practices and violations of federal law by the Defendants, the City of Montgomery, and Mayor Steven Reed, in his individual capacity.

### I. JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. ¶2000e, et seq., and 29 U.S.C. 201 et seq.

2. Venue is proper because the Plaintiff and Defendants reside and are located in Montgomery County, Alabama.

## II. PARTIES

3. Plaintiff Porter is a female resident of the State of Alabama and is over the age of 19. Plaintiff Porter is an employee of the City of Montgomery and serves as the Grants Department Director

4. Defendant City of Montgomery is a governmental entity created pursuant to the Constitution and laws of the State of Alabama.

5. The City of Montgomery was and is Plaintiff's employer for purposes of Title VII of the Civil Rights Act of 1964, as amended.

6. The City of Montgomery was and is Plaintiff's employer for purposes of the Equal Pay Act and the Lilly Ledbetter Fair Pay Act.

7. Defendant Steven Reed, in his individual capacity, (hereinafter referred to as "Defendant Reed") is resident of the State of Alabama and is over the age of 19.

8. At all relevant times, Defendant Reed served and currently serves as the Mayor of the City of Montgomery.

## III. EXHAUSTION OF ADMINSITRATIVE REMEDIES

9. Plaintiff Porter filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on December 19, 2024.

10. The EEOC issued a Notice of Rights to Porter on December 20, 2024. (Attached as Exhibit A).

11. Porter files this action within 90 days of receiving her Notice of Rights from the EEOC.

## IV. COUNT I

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

## GENDER DISCRIMINATION

12. Porter holds a bachelor's degree in psychology from Troy University.

13. On or about July 23, 2021, the City of Montgomery hired Porter as the City's Grants Department Coordinator and thereafter, named Porter as the City's Grants Department Director on March 18, 2022.

14. The City of Montgomery has paid Porter at a much lower salary than male department directors.

15. At the present time, the City of Montgomery pays Porter at A12, step 7, while her male comparators are paid at a much higher rate at A15. This is a difference of approximately $24,345.00 annually.

16. In addition, the City of Montgomery pays male directors a monthly travel stipend, but has denied Porter any such stipend for work-related travel expenses.

17. After questioning this difference in pay and benefits paid to male department directors, the City of Montgomery informed Porter she would not be paid at the A15 rate similar to the male directors.

18. Also, male officials and employees have attempted to interfere and/or restrict Porter from performing certain duties under her job description,

19. Porter has been discriminated against due to her gender, Sex-Female, in violation of Title VII of the Civil Rights Act of 1964, as amended (Title VII).

20. In addition, Porter has been discriminated against due to gender, Sex-Female, in violation of The Equal Pay Act of 1963 (EPA).

21. The City of Montgomery's discrimination against Porter based on her gender has caused her to suffer injury.

WHEREFORE, PREMISES CONSIDERED, Porter requests entry of an Order entering a judgment against the City of Montgomery for violation of Title VII'S prohibition against gender discrimination and awarding Porter:

    a. Backpay to be determined by the trier of fact;

    b. Compensatory damages to be determined by the trier of fact;

    c. Injunctive relief including promotion, wage adjustment and/or front-pay;

    d. Other relief which is fair, just and equitable; and

    e. Costs, expenses and a reasonable attorney's fee.

## V.  COUNT II

## VIOLATION OF THE EQUAL PAY ACT AND

## THE LILLY LEDBETTER FAIR PAY ACT

22. Porter adopts and incorporates by reference the factual allegations set forth herein.

23. On or about March 18, 2022, the City of Montgomery hired Porter as the Grants Department Director.

24. The City of Montgomery willfully paid Porter at a much lower salary than what is paid male department directors.

25. As the present time, the City of Montgomery pays Porter at A12 step 7, while her male comparators are paid as an A15.  This is a difference of approximately $24,345.00 annually.

26. In addition, the City of Montgomery pays male directors a monthly travel stipend, but has denied Porter any such stipend for work-related travel expenses.

27. After questioning this difference in pay and benefits paid to male directors, the City of Montgomery informed Porter she would not be paid at an A15 similar to the male directors.

28. Also, male officials and employees have interfered and/or restricted Porter performing certain duties under her job description,

29. On October 4, 2024, and again on November 26, 2024, the City of Montgomery asked Porter to resign.

30. The City of Montgomery is subject to the Equal Pay Act and the Lilly Ledbetter Fair Pay Act.

31. Porter worked as a Department Director as other department directors for the City of Montgomery.

32. For example, the Planning Department Director and Community Development Director also worked as Department Directors for the City of Montgomery requiring equal skill, effort and responsibility under similar working conditions, are male and are paid substantially more than Porter.

33. The City of Montgomery willfully paid and pays Porter less than any male Department Directors.

34. At all times the City of Montgomery has paid Porter less than any male comparators, the City of Montgomery knew that the Equal Pay Act and the Lilly Ledbetter Fair Pay Act required men and women in the same workplace to be given equal pay for equal work.

35. The City's violation of the Equal Pay Act and the Lilly Ledbetter Fair Pay Act is negligent, willful and/or intentional.

WHEREFORE, PREMISES CONSIDERED, Porter requests entry of an Order entering a judgment against the City of Montgomery for negligently, willfully and/or intentionally violating the Equal Pay Act and awarding Porter:

a. Backpay to be determined by the trier of fact;

b. Liquidated damages, including double the back pay awarded, to be determined by the trier of fact;

c. Injunctive relief;

d. Declaratory relief;

e. Relief which is fair, just and equitable; and

f. Costs, expenses and a reasonable attorney's fee.

## VI. COUNT III

## FOURTEENTH AMENDMENT EQUAL PROTECTION VIOLATION

## MAYOR STEVEN REED, IN HIS INDIVIDUAL CAPACITY

36. Porter adopts and incorporates by reference the factual allegations set forth above.

37. At all times relevant herein, Defendant Reed was the Mayor of the City of Montgomery and set, authorized and approved the discriminatory rates of pay.

38. At all times relevant herein, Defendant Reed was the Mayor of the City of Montgomery and denied Porter any and all equal raises as requested by Porter.

39. Defendant Reed approved and continues to approve Porter's rate of pay at a much lower salary than made by other male department directors.

40. As the present time, the Defendant Reed authorizes and approves Porter's pay at A12 step 7, while her male comparators are paid at A15. This is a difference of approximately $24,345.00 annually.

41. In addition, Defendant Reed authorizes and approves male directors a monthly travel stipend, but has denied Porter any such stipend for work-related travel expenses.

42. After questioning this difference in pay and benefits paid to male directors, and after making a request for equal pay to be provided to Porter, the Mayor denied Porter's request to be paid at an A15 similar to the male directors.

43. Also, male officials and employees have interfered and/or restricted Porter performing certain duties under her job description,

44. On October 4, 2024, and again on November 26, 2024, Defendant Reed intended Porter to resign.

45. At all times the City of Montgomery has paid Porter less than the male Department Directors, Defendant Reed knew that Porter was to be given equal pay for equal work.

46. Under the Fourteenth Amendment to the United States Constitution, Porter had and has a right to equal protection under the law regardless of her gender.

47. Defendant Reed, acting under the color of state law, has deprived Porter of her constitutional right to equal treatment and equal protection under the law by paying her less than male Department Directors employed by the City of Montgomery.

WHEREFORE, PREMISES CONSIDERED, Porter requests entry of an Order entering a judgment against Mayor Reed, in his individual capacity, pursuant to 42 U.S.C. §1983, for violating Porter's Fourteenth Amendment Constitutional equal rights and awarding Porter:

a. Backpay to be determined by the trier of fact;

b. Compensatory damages to be determined by the trier of fact;

c. Punitive damages to be determined by the trier of fact;

d. Injunctive relief;

e. Declaratory relief;

f, That relief which is fair, just and equitable;

g. Costs, expenses and a reasonable attorney's fee.

### VII.  JURY DEMAND

Plaintiff hereby requests trial by jury on all issues so triable.

Respectfully submitted this day of 19th day of March 2025.

/s/ K. David Sawyer
K. David Sawyer (ASB-5793-R61K)
kdsawyer64@outlook.com

OF COUNSEL:

MCPHILLIPS SHINBAUM, L.L.P.
432 E. Jefferson Street
Montgomery, Alabama 36104
(334) 262-1911
(334) 263-2321     FAX
kdsawyer64@outlook.com
Counsel for Plaintiff

PLAINTIFF WILL SERVE THE DEFENDANTS BY PERSONAL PROCESS SERVER AT:

    City of Montgomery
    103 N. Perry Street
    Montgomery, Alabama 36104

    Steven Reed
    City of Montgomery
    103 N. Perry Street
    Montgomery, Alabama 36104