IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KELBREY PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:25-CV-213-KFP |
| | ) |
| CITY OF MONTGOMERY, and | ) |
| STEVEN REED, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants City of Montgomery (the City) and Mayor Steven Reed's Motion to Dismiss. Doc. 19. The motion is fully briefed and ripe for review. Upon consideration of the parties' filings and applicable case law, the Court finds the Motion to Dismiss is due to be denied.

**I.   BACKGROUND**

Porter alleges that she was hired as the City's Grants Department Coordinator in July 2021, and that the following year, in March 2022, she was promoted to the Grants Department Director. Doc. 17 ¶ 14. Porter claims she is paid "a much lower salary than male department directors" and that her pay grade is "A12, step 7, while her male comparators are paid at a much higher rate of A15" and receive a monthly travel stipend. *Id.* ¶¶ 15–17. Altogether, she claims that this difference in pay scale amounts to a difference in wages of nearly $24,345.00 annually. *Id.* ¶ 16.

Porter alleges that the male directors who work for the City perform "different assignments," but that she and they have "similar authorities, including the responsibilities to oversee staff, manage meetings, prepare reports, hire, supervise and discipline employees, review budgets, [and] manage expenses," among other responsibilities. *Id.* ¶ 29. Porter alleges that when she "question[ed] this difference in increased pay and benefits paid to male department directors, the City . . . informed Porter she would not be paid at the A15 rate similar to any male director." *Id.* ¶ 30. Porter additionally claims that "male officials and employees have attempted to interfere and/or restrict Porter from performing certain duties under her job description." *Id.* ¶ 31.

## II.   JURISDICTION AND VENUE

The Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e. Personal jurisdiction and venue are not contested, and the Court concludes that venue properly lies in the Middle District of Alabama. 28 U.S.C. § 1391.

## III.   STANDARD OF REVIEW

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must

contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and each factual allegation should be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). To "state a claim to relief that is plausible on its face[,]" a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (first quoting *Twombly*, 550 U.S. at 570).

"The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Id.*

## IV. DISCUSSION

Porter asserts three Counts against Defendants. In Count I, Porter asserts gender discrimination against the City under Title VII of the Civil Rights Act of 1964. Doc. 17 ¶ 32. In Count II, she alleges the City committed a "negligent, willful and/or intentional" violation of the Equal Pay Act and Lilly Ledbetter Fair Pay Act by failing to pay her equally to her male comparators. *Id.* ¶¶ 47–48. In Count III, she asserts a claim pursuant to 42 U.S.C. § 1983 and alleges Mayor Reed in his individual capacity violated the Fourteenth Amendment by setting, authorizing, and approving the discriminatory rate of pay and denial of Porter's work-related travel stipend. *Id.* ¶¶ 50, 54, 60.

Defendants argue that Porter has failed to state a claim; specifically, that she has failed to articulate more than conclusory allegations against Defendants on all Counts. The Court will address each count in turn.

A.     **Title VII**

Defendants argue that Plaintiff has failed to state a claim for relief under Title VII, and, specifically, that Plaintiff has failed to allege an adverse employment action. Doc. 19 at 5.

"Title VII prohibits employment discrimination on the basis of sex." *Holland v. Gee*, 677 F.3d 1047, 1054 (11th Cir. 2012) (citing 42 U.S.C. § 2000e-2(a)). "Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas*[1] prima facie case, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), it must provide 'enough factual matter (taken as true) to suggest' intentional [sex] discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "[T]o establish a *prima facie* case of disparate pay, a plaintiff must show she occupies a position similar to that of a higher paid employee who is not a member of her protected class." *Crawford v. Carroll*, 529 F.3d 962, 975 (11th Cir. 2008) (citing *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1019 (11th Cir. 1994)). "A plaintiff establishes a prima facie case of a Title VII violation based on a disparity of wages by 'showing that she occupies a job similar to that of higher paid males.'" *Glover v. KinderCare Learning Ctrs.*, 980 F. Supp. 437, 446 (M.D. Ala. 1997) (quoting *Meeks*, 15 F.3d at 1013).

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

In her Amended Complaint, Porter identifies herself as a "director" of one of the City's departments, and she asserts that other male "directors" who are also employed by the City are in positions of "similar" responsibility. Doc. 17 ¶ 29. Porter further alleges that the male department directors were "paid substantially more" than she was paid. *Id.* ¶¶ 21–28. She claims that the difference in pay equates to "approximately $24,345.00 annually." *Id.* ¶ 16. She further alleges that while "each Department Director has different assignments for the efficient operation of the City," they still had "similar authorities, including the responsibilities to oversee staff, manage meetings, prepare reports, hire, supervise, and discipline employees, review budgets, [and] manage expenses," and that "all" of these directors "oversee the duties of the department of the City to which they are appointed." *Id.* ¶¶ 19, 29.

Taken together, the facts as alleged state enough at this stage for a plausible disparate pay claim because Porter alleges that she is a member of a protected class, that she is in a similar role to the male directors, yet she is receiving a lower rate of pay than the male directors. Defendants argue Porter did not plead facts to "plausibly allege that [she] suffered an adverse action." Doc. 19 at 5 (quoting *Laster v. Ga. Dep't of Corr.*, 2023 U.S. App. LEXIS 24042, at *4 (11th Cir. Sept. 12, 2023)). However, the specific elements of "an adverse action depend[] on the particular Title VII claim." *Id.* at *5. In *Laster*, the Eleventh Circuit upheld the district court's finding that "[r]equiring an employee to perform an undesirable job is not an adverse employment action for the purposes of a discrimination claim, as long as there is no allegation that the assignment came with any material change in the terms or benefits of employment." *Id.* at *6. Here, Porter pleaded in

5

her Amended Complaint that there is a disparity in pay between her director role and the similar male director positions. Doc. 17 ¶¶ 15–16. The Eleventh Circuit has held that "disparate pay is an adverse employment action under Title VII." *Bowen v. Manheim Remarketing, Inc.*, 882 F.3d 1358, 1364 (11th Cir. 2018). Thus, by asserting the elements of a disparate pay claim, Porter has pleaded an adverse employment action. For these reasons, the motion to dismiss Count I is due to be denied.

### B. Equal Pay Act and Lilly Ledbetter Fair Pay Act[2]

Defendants argue Porter has failed to state a claim for relief under the Equal Pay Act (EPA) and the Lilly Ledbetter Fair Pay Act because she did not include "sufficient factual matter" that would allow for "the reasonable inference that the relevant employees' job content was substantially equal." Doc. 19 at 4 (quoting *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 256 (2d Cir. 2014)). Defendants aver that Plaintiff's "Amended Complaint relies on broad incidental duties of any managerial position regardless of the actual work performed." *Id.* Porter argues she has alleged sufficient facts establishing "equal skill, effort, and responsibility" Doc. 22 at 8–9.

---

[2] The Lilly Ledbetter Fair Pay Act of 2009 is codified at 42 USC § 2000e-5(e)(3). It "does not give rise to an independent cause of action but instead amends protections against discrimination in compensation under Title VII; the Age Discrimination in Employment Act of 1967; the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; and the Civil Rights Act of 1964." *Dejesus v. Francois & Co.*, 2020 U.S. Dist. LEXIS 256333, at *15 n.12 (N.D. Ga. June 18, 2020). The Lilly Ledbetter Act prescribes an extended time frame for bringing "Title VII claims based on discriminatory compensation and provides that an unlawful employment action occurs each time an employee is paid under a discriminatory compensation scheme." *Greenwell v. Univ. of Ala. Bd. of Trs.*, 2012 U.S. Dist. LEXIS 118917, at *20 n.9 (N.D. Ala. Aug. 22, 2012).

"The Equal Pay Act prohibits sex-based discrimination in the workplace." *Lima v. Fla. Dep't of Children & Families*, 627 F. App'x 782, 786 (11th Cir. 2015)[3] (citing 29 U.S.C. § 206(d)(1)). "Under the Equal Pay Act, a plaintiff must prove that he or she performed substantially similar work for less pay than employees of the other gender." *Woodard v. Medseek, Inc.*, 178 F. Supp. 3d 1188, 1197 (N.D. Ala. 2016). "The Supreme Court applying the Equal Pay Act has required a showing that the employer pays 'different wages to employees of opposite sexes for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which are performed under similar working conditions.'" *Id.* (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974)). "[A] plaintiff need only demonstrate that the jobs at issue are substantially similar; a plaintiff does not have to show that the skills or qualifications of the actual male and female employees holding the positions are also substantially equivalent." *Arrington v. Cobb County*, 139 F.3d 865, 876 (11th Cir. 1998).

While Defendants argue Porter only cites to "broad incidental duties" that include "no facts," Doc. 19 at 4, Porter alleges that compared to the City's "male department directors," Porter is paid "at a much lower salary." Doc. 17 ¶ 37. She claims that the difference amounts to $24,345 annually and that presently, she is paid at the rate of "A12 step 7" while the male comparators are paid at the rate of A15. *Id.* ¶ 38. While Porter pleads the conclusory statement that all of the different department directors "require[e] equal skill, effort and responsibility under similar working conditions," *Id.* ¶ 45, elsewhere in the

---

[3] Here, and elsewhere in this Opinion, the Court cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

Amended Complaint, Porter alleges that "each department Director" has "similar authorities" which "include[e] the responsibilities to oversee staff, manage meetings, prepare reports, hire, supervise and discipline employees, review budgets, [and] manage expenses." *Id.* ¶ 29.

At this stage, while the pleading is not an exemplar of particularity, the facts pleaded plausibly allege that the male directors were performing "substantially similar" work to the work that Porter alleges she was performing. *Woodard*, 178 F. Supp. 3d at 1197. Porter lists that all directors were engaging in oversight of employees, managing meetings, and preparing reports, among other activities. Doc. 17 ¶ 29. Even though Porter has simultaneously pleaded that "each Department Director has different assignments for the efficient operation of the City," the facts as pleaded show that those different assignments also include "similar authorities" and oversight responsibilities. *Id.*

For the reasons stated above, Porter has stated a claim to relief under the EPA and Defendants' Motion to Dismiss is due to be denied as to Count II.

### C. <u>Section 1983 Equal Protection Claim</u>

Porter alleges in her complaint that Mayor Reed violated the Fourteenth Amendment by "set[ting], authoriz[ing], and approv[ing] the discriminatory rates of pay." Doc. 17 ¶ 50. She asserts this Fourteenth Amendment claim against Mayor Reed in his individual capacity. Defendants' Motion to Dismiss alleges only that "for the same reasons that Porter's EPA claim fails to state a claim, her alternative theories pursuant to . . . the Fourteenth Amendment Equal Protection [Clause] are also due to be dismissed." Doc. 19 at 5.

Defendants fail to cite to any supportive case law or include any argument related to pleading this claim. Outside of claiming the Equal Protection claim is merely an alternative theory, Defendants cite to no authority supporting any basis for dismissal of the Equal Protection claim.

"On a Rule 12(b)(6) motion to dismiss, [t]he moving party bears the burden to show that the complaint should be dismissed." *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (alteration in original) (internal citations removed). "Where a defendant seeking dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Chi. Title Ins. Co. v. Schrader*, 693 F. Supp. 3d 1255, 1265 (S.D. Ala. 2023) (quoting *Spring Sols., Inc.*, 44 F. Supp. 3d at 1228). Defendants' unsupported arguments do not warrant dismissal of the claim. *NLRB v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived.")

The motion to dismiss Count III is due to be denied because Defendants failed to meet their burden of articulating an argument in relation to the specific elements of the Section 1983 claim.

## V.    CONCLUSION

For the reasons stated above, it is ORDERED that Defendants' Motion to Dismiss (Doc. 19) is DENIED.

DONE this 17th day of July, 2025.

                                         /s/ Kelly Fitzgerald Pate
                                         KELLY FITZGERALD PATE
                                         UNITED STATES MAGISTRATE JUDGE